| | | | | |
|---|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 | |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Barbara Lubin | Ryan McMonagle | |

**Proceedings:** DEFENDANT INTERNAL REVENUE SERVICE'S MOTION FOR SUMMARY JUDGMENT (Dkt. 24, filed January 30, 2017)

## I. INTRODUCTION

On April 26, 2016, plaintiff Mike L. Ireland filed this action under the Freedom of Information Act ("FOIA") seeking to compel the Internal Revenue Service ("IRS") to release records and information requested by plaintiff under FOIA. Dkt. 1 ("Compl.").

Plaintiff seeks records relating to the IRS's determination that plaintiff was a "responsible person" in connection with trust fund recovery penalties assessed against him pursuant to 26 U.S.C. § 6672. Specially, plaintiff requested the following records and information: (1) "IRS internal manuals or procedures relating to responsible person determinations in connection with the trust fund recovery penalty"; (2) "any documents relating to the IRS finding that Mike Ireland is a responsible person in connection with the trust fund recovery penalty for the 6/30/08, 9/30/08, and 3/31/09 tax periods"; (3) "all correspondence, communications, and interviews (including 4180 interviews) conducted in connection with the IRS finding that Mike Ireland is a responsible person in connection with the trust fund recovery penalty for the 6/30/08, 9/30/08, and 3/31/09 tax periods"; and (4) "any documents relating to Micro Capital Limited Partnership and any IRS inquiries relating to responsible persons associated with Micro Capital Limited Partnership in connection with the trust fund recovery penalty." Compl. Ex. 1.

On January 30, 2017, the IRS filed the instant motion for summary judgment with respect to Items 1, 2, and 3 of plaintiff's FOIA request.[1] Dkt. 24 ("MSJ"). On March 1,

---

[1] The IRS originally did not seek summary judgment as to Item 4 because the IRS's response letter to plaintiff's FOIA request did not apprise plaintiff of a procedural

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

2017, plaintiff filed his opposition to the IRS's motion. Dkt. 28 ("Opp'n"). The IRS filed its reply on March 15, 2017. Dkt. 31 ("Reply"). On April 21, 2017, the IRS manually filed a declaration and a brief for the Court's in camera review. See dkt. 34.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

The following facts are not in dispute.

Plaintiff's counsel sent a FOIA request to the IRS on September 29, 2015 and submitted a valid Form 2848 (power of attorney form) on October 6, 2015. Dkt. 28, Plaintiff's Statement of Genuine Issues ("SGI") at nos. 4–7; dkt. 24-4, Declaration of David S. Nimmo ("Nimmo Decl.") ¶¶ 6–8.

Plaintiff's FOIA request was assigned to Disclosure Specialist Marian O. Hale, who began her search for responsive records on October 16, 2015. SGI at nos. 5, 8; Nimmo Decl. ¶¶ 9. Hale searched the Integrated Data Retrieval System ("IDRS")—the IRS's computerized database linked to each taxpayer's master file—using plaintiff's Taxpayer Identification Number along with a series of command codes. SGI at nos. 8–9; Nimmo Decl. ¶¶ 9–10. Hale also searched the IRS's Integrated Collection System ("ICS")—where history notes and actions taken by the Collection Field Function are stored. SGI at no. 10; Nimmo Decl. ¶ 10. Hale received 68 pages of potentially responsive records through her IDRS search. SGI at no. 10; Nimmo Decl. ¶ 10.

On October 22, 2016, Hale reviewed plaintiff's ICS history and identified Margaret Tobin, a Tax Examining Technician with the IRS's Small Business/Self

---

defect in that specific request. MSJ at 1–2. The IRS asserts that plaintiff's request for Item 4 was procedurally improper because plaintiff did not provide the IRS with a properly executed power of attorney, Privacy Act consent, or tax information authorization to obtain the protected information of Micro Capital Limited Partnership. Id. at 16–17. Now, in its opposition and at oral argument on May 1, 2017, the IRS asserts that plaintiff has conceded that he cannot obtain Micro Capital's authorization. See Reply at 10. As a result, the IRS argues that plaintiff's request for Item 4 was not perfected, which means that plaintiff has failed to exhaust administrative remedies. Accordingly, the IRS seeks summary judgment as to Item 4 as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

Employed Division, as the point of contact for the geographic area where the physical trust fund recovery penalty file pertaining to plaintiff was located. SGI at no. 11; Nimmo Decl. ¶ 11. Hale requested plaintiff's trust fund recovery penalty file from Tobin. SGI at no. 13; Nimmo Decl. ¶ 11. After following up with Tobin and her colleague Vicky Karas, Hale received the plaintiff's physical trust fund recovery penalty file on November 17, 2015. SGI at nos. at 14–21; Nimmo Decl. ¶¶ 12–16. Hale removed from this file 60 pages pertaining to another taxpayer because plaintiff was not entitled to that information. SGI at no. at 22; Nimmo Decl. ¶ 16. Hale's notes do not indicate she attempted to obtain from plaintiff or his counsel proof of authorization to obtain records pertaining to Micro Capital Limited Partnership. SGI at no. at 23; Nimmo Decl. ¶ 16. Hale began reviewing plaintiff's records on December 8, 2015 and continued to do so through January 2016. SGI at nos. at 24–27; Nimmo Decl. ¶¶ 17–18.

By letter dated January 20, 2016, David S. Nimmo—Disclosure Manager in the Disclosure Field West Area of the Disclosure Office for the IRS—responded to plaintiff's FOIA request. SGI at no. at 28; Nimmo Decl. ¶ 19. Nimmo stated that 215 pages of records were located in response to plaintiff's request, 198 of which were being released. Of the responsive records, 87 pages were partially withheld and 17 pages were withheld in full. SGI at no. at 32; Nimmo Decl. ¶ 20.

Nimmo's letter did not address Item 4 of plaintiff's FOIA request, which sought "any documents relating to Micro Capital Limited Partnership and any IRS inquiries relating to responsible persons associated with Micro Capital Limited Partnership in connection with the trust fund recovery penalty." SGI at no. at 29; Nimmo Decl. ¶ 21.

Hale did not perform a search for documents listed in Item 1 of plaintiff's request because the IRS's policies and procedures are set forth in the Internal Revenue Manual, which the IRS has made publicly available in its electronic reading room. SGI at nos. at 30–31; Nimmo Decl. ¶ 22.

### III. LEGAL STANDARDS

FOIA establishes "a judicially enforceable right to secure [government] information from possibly unwilling official hands." Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976) (citing S. Rep. No. 813, 89th Cong. (1st Sess. 1965)); see also Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 973 (9th Cir. 2009). The aim of these disclosure requirements is to "ensure an informed citizenry, vital to the functioning of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978).

At the same time, FOIA contemplates that some information can legitimately be kept from the public through the invocation of nine "exemptions" to disclosure. See 5 U.S.C. § 552(b)(1)–(9); Torres Consulting & Law Grp., LLC v. NASA, 666 F. App'x 643, 644 (9th Cir. 2016); ("Section (a) of FOIA generally obligates the government to disclose information to the public; section (b) contains nine exemptions to this general disclosure obligation."). An agency may withhold only information to which the asserted exemption applies and must provide all "reasonably segregable" portions of that record to the requester. Id. § 552(b). "These limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 7–8 (2001) (quotation marks omitted). "Consistently with this purpose, as well as the plain language of the Act, the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." Dep't of State v. Ray, 502 U.S. 164, 173 (1991); Lewis v. IRS, 823 F.2d 375, 378 (9th Cir. 1987) (agency seeking to withhold information has burden of proving the information falls under the claimed exemption).

"Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law." Animal Legal Def. Fund v. FDA (ALDF), 836 F.3d 987, 989 (9th Cir. 2016) (en banc).

Historically, in the Ninth Circuit, "[u]nlike the typical summary judgment analysis," "in a FOIA case, [courts did] not ask whether there [was] a genuine issue of material fact, because the facts are rarely in dispute." Minier v. CIA, 88 F.3d 796, 800 (9th Cir. 1996). However, it has now been made clear in this circuit that usual summary judgment standards apply and that "if there are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or adversary hearing." Animal Legal Def. Fund, 836 F.3d at 990; see also Cameranesi v. Dep't of Def., 839 F.3d 751, 762 (9th Cir. 2016) ("We have now overruled this FOIA-specific summary judgment standard, and instead apply our usual summary judgment standard.").

"Although this change is legally significant, it may well be that it has no impact on . . . the ultimate resolution of this FOIA action." Turner v. Dep't of the Treasury, No. 15-cv-0007-DAD-SKO, 2017 WL 1106030, at *2 n.3 (E.D. Cal. Mar. 23, 2017). For

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

example, courts continue to use a two-step inquiry for FOIA summary judgment motions, asking first whether the agency has established that it fully discharged its obligations by conducting an "adequate" search for responsive materials and second, whether the agency has proven that the information that it did not disclose falls within one of the nine FOIA exemptions. Compare Lane v. Dep't of Interior, 523 F.3d 1128, 1135 (9th Cir. 2008), with Franklin, v. DEA, No. 16-55570, 2017 WL 1420449, at *1 (9th Cir. Apr. 21, 2017) (recognizing the new standard imposed after ALDF while also finding that "[t]he district court properly granted summary judgment because Franklin failed to raise a genuine dispute of material fact as to whether defendants did not conduct a reasonable search for responsive documents or whether defendants did not establish that the redactions on the documents fell within a FOIA exemption category."), and McCash v. Cent. Intelligence Agency, No. 5:15-cv-02308-EJD, 2016 WL 6650389, at *4 (N.D. Cal. Nov. 10, 2016) ("Courts faced with a motion for summary judgement in a FOIA case must conduct a two-step inquiry. The first step assesses whether the agency involved met its investigative obligations under FOIA. . . . The second step requires the court to consider whether the agency has adequately demonstrated that any information not disclosed to the FOIA requester is protected by at least one of the enumerated exemptions." (citations omitted)).

As with any motion for summary judgment, summary judgment is appropriate in a FOIA action where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Adequacy of the IRS's Search

"In evaluating the adequacy of the search, the issue is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." Hamdan v. DOJ, 797 F.3d 759, 770–71 (9th Cir. 2015) (quotation marks omitted). An adequate search is one that is "reasonably calculated to uncover all relevant documents." Id. at 770 (quotation marks omitted). To demonstrate that a search is adequate, an agency may produce "reasonably detailed, nonconclusory affidavits submitted in good faith." Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir. 1985) (citing Weisberg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The Court finds that a reasonable trier of fact could not conclude that the IRS's search for records responsive to Items 2 and 3 was inadequate. The IRS has demonstrated that Hale searched "the most logical place for the records"—namely the IDRS, the ICS—and that she recovered and searched the physical trust fund recovery penalty file pertaining to plaintiff. See Buckovetz v. U.S. Dep't of the Navy, No. 3:15-cv-0838-BEN-MDD, 2017 WL 1336916, at *3 (S.D. Cal. Feb. 3, 2017).

Plaintiff does not dispute that such searches occurred, but contends that the IRS's searches were inadequate on the basis of the existence of other purportedly pertinent records. Plaintiff asserts that he submitted an administrative claim for a refund with the IRS on or about August 2, 2016—nearly seven months after the IRS concluded its search for plaintiff's records under FOIA. Dkt 28-1, Declaration of Barbara Elizabeth Lubin ¶ 7. While this refund claim was pending, plaintiff's counsel spoke with IRS Advisor P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

Conrad by telephone.  Id. ¶ 8.  Conrad told plaintiff's counsel that he "needed to review two boxes of records in order to evaluate Mr. Ireland's claim for a refund."  Id.  Conrad confirmed this conversation via a faxed letter dated January 18, 2017.  Id. & Ex. B.  Plaintiff argues that these "two boxes should have been located by the FOIA Disclosure Specialist."  Opp'n at 6.

Even if the two boxes contained records available at the time of plaintiff's FOIA request, the fact "[t]hat some documents were not discovered until a second, more exhaustive, search does not warrant" a finding that the original search was inadequate.  Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 489 (2d Cir. 1999); Adamowicz v. IRS, 402 F. App'x 648, 651 (2d Cir. 2010) ("Here, Dichter sought documents directly from the IRS Appeals Office, which he identified as the only location where responsive documents might be found.  That this initial search failed to uncover plaintiffs' protest appeal file, or certain documents that Rachel Gregory subsequently found by re-reviewing Glasel's Tax Court litigation files, does not undercut the adequacy of the IRS's search.").  Indeed, as the Ninth Circuit has stated "the issue is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*."  Hamdan, 797 F.3d at 770–71.  The IRS's "affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents."  SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quotation marks omitted).  Plaintiff has not presented any evidence showing that the two boxes should have been discovered during the IRS's late 2015 and early 2016 search for the requested records.  Furthermore, plaintiff has not argued or presented any evidence showing that the IRS's search was conducted in bad faith.  Accordingly, the Court concludes that a reasonable trier of fact could not conclude that the IRS's search with respect to Items 2 and 3 was inadequate.

With respect to plaintiff's request for records responsive to Item 1, plaintiff does not dispute that the relevant IRS policies and procedures are set forth in the Internal Revenue Manual ("IRM"), which is publicly available.  SGI at no. 30.  Plaintiff also does not dispute that the IRM contains "procedures relating to responsible person determinations in connection with the trust fund recovery penalty."  See Compl. Ex. 1.  FOIA requires agencies to "make available for public inspection in an electronic format . . . (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; [and] (C) administrative staff manuals and instructions to staff that affect a member of the public" 5 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

§ 552(a)(2). FOIA further provides that agencies need not respond to requests for records that are otherwise "made available" pursuant to 5 U.S.C. § 552(a)(1) and (2). Id. § 552(a)(3). Accordingly, with respect to Item 1, the IRS has already satisfied its burden under FOIA as a matter of law. See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 70 (D.C. Cir. 1990) ("[A]n agency "need not respond to a FOIA request for copies of documents where the agency itself has provided an alternative form of access, for example, making records available in a reading room." (quotation marks omitted)); Crews v. Internal Revenue, No. 99-cv-8388-CBM-RC, 2000 WL 900800, at *6 (C.D. Cal. Apr. 26, 2000) ("The IRS has also produced documents that are publicly available either in the IRS reading room or on the internet, and thus not subject to production via FOIA requests.").

With respect to Item 4, the IRS argues that it need not search for records pertaining to Micro Capital because plaintiff has not perfected his request for such records. Reply at 10. When requesting records under FOIA that contain information pertaining to others, IRS regulations require the requester to submit "a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate." 26 C.F.R. § 601.702. Plaintiff has stated that he is "without the authority to sign a power of attorney on behalf of Micro Capital." Opp'n at 9. At oral argument, plaintiff's counsel did not dispute that plaintiff cannot obtain the authorization that would permit him to access Micro Capital's records. Accordingly, the Court finds that, as a matter of law, plaintiff has not perfected his request for records sought under Item 4. "An agency's obligations commence upon receipt of a valid request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies." Dale v. IRS, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); see also Flowers v. IRS, 307 F. Supp. 2d 60, 67 (D.D.C. 2004) ("courts have held that only a valid FOIA request can trigger an agency's FOIA obligations"). Accordingly, the Court concludes that the IRS was under no obligation to search for records sought under Item 4.

    **B.    Applicability of Claimed FOIA Exemptions**

To show that a document is properly withheld under one of FOIA's exemptions, "agencies are typically required to submit an index and 'detailed public affidavits' that, together, identify[ ] the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption.'" Yonemoto v. Dep't of Veterans Affairs, 686 F.3d 681, 688 (9th Cir. 2012) (quotation marks omitted) overruled on other grounds by ALDF, 836 F.3d 987 (9th Cir. 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'     JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

"These submissions—commonly referred to as a Vaughn index—must be from affiants [who] are knowledgeable about the information sought" and "detailed enough to allow [a] court to make an independent assessment of the government's claim [of exemption]." Yonemoto, 686 F.3d at 688 (quotation marks omitted). While the Vaughn index need not "disclose facts that would undermine the very purpose of its withholding, . . . it should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection." Id. at 695 (quotation marks omitted). Berman v. CIA, 501 F.3d 1136, 1140 (9th Cir. 2007) (While "the [agency's] reasons are entitled to deference, the [agency's] declarations must still describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemptions, and show that the justifications are not controverted by contrary evidence in the record or by evidence of [the agency's] bad faith. The [agency] must do more than show simply that it has acted in good faith.").

The IRS has submitted the declaration of Brittany Harrison, attorney in Branch 6 of the Office of Associate Chief Counsel (Procedure and Administration) ("P&A") of the IRS Office of Chief Counsel. See dkt. 24-2, Declaration of Brittany Harrison ("Harrison Decl.) ¶ 1. Branch 6 of P&A provides subject matter experts for disclosure and privilege matters, including those arising under FOIA. Id. Harrison identified each record that was withheld, the statutory basis for withholding the record in whole or in part, and a description as to why the withheld information is exempt. See generally Harrison Decl.

### 1. Exemption 3

FOIA Exemption 3 permits agencies to withhold records that are "specifically exempted from disclosure by statute" if, inter alia, that statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue[.]" 5 U.S.C. § 552(b)(3). The Ninth Circuit has outlined a two-step inquiry for deciding Exemption 3 questions, requiring courts to analyze (a) "whether the statute identified by the agency is a statute of exemption within the meaning of Exemption 3;" and, if so, (b) "whether the withheld records satisfy the criteria of the exemption statute." See Hamdan, 797 F.3d at 776 (citing CIA v. Sims, 471 U.S. 159, 179 (1985)).

The IRS has withheld 17 pages in full and 86 pages in part under Exemption 3 on the basis of Section 6103(a) of the Internal Revenue Code. MSJ at 9–10; Harris Decl. ¶ 17. Section 6103 requires that returns and return information shall be confidential unless otherwise authorized by Title 26 of the United States Code. 26 U.S.C. § 6103(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

However, the IRS may disclose returns and return information to the taxpayer's designee who is designated "in a request for or consent to such disclosure." 26 U.S.C. § 6103(c). "Section 6103 . . . has been held to qualify as an exemption 3 statute." Willamette Indus., Inc. v. United States, 689 F.2d 865, 867 (9th Cir. 1982).

The IRS withheld such records under Exemption 3 because they contained the names and other return information (including social security numbers) of third parties, interview forms and recommendations regarding trust fund recovery penalty assessments containing the names of third parties, an index page containing the name of a third-party taxpayer, communications to a third-party taxpayer, and a letter pertaining a summons to a third party. Harrison Decl. ¶ 17.

Plaintiff does not dispute that this content is exempt from disclosure under Exemption 3. However, he argues that "it appears as though this exception has been used too broadly by the government." Opp'n at 8. Because plaintiff "cannot know" whether the IRS "withheld information beyond what is specifically listed in the statute," plaintiff requests *in camera* review of the records withheld under Exemption 3. Id. at 9. If an agency's "affidavits are too generalized, the district court may, *in its discretion*, examine the disputed documents in camera in order to make a first-hand determination of their exempt status." Lewis, 823 F.2d at 378 (quotation marks omitted). However, "[i]n camera inspection is not a substitute for the government's burden of proof, and should not be resorted to lightly, due to the ex parte nature of the process and the potential burden placed on the court." Lane, 523 F.3d at 1136. "Moreover, since the exemptions to FOIA are intended to relieve the district courts of potentially onerous in camera inspections of documents, district courts need not and should not make in camera inspections where the government has sustained its burden of proof on the claimed exemption by public testimony or affidavits." Lewis, 823 F.2d at 378. Harrison's declaration is not conclusory, boilerplate, or vague. See Lane, 523 F.3d at 1136. Rather, Harrison identifies each document withheld under Exemption 3 and provides a description identifying the kind of third-party taxpayer information contained within each record. See Harrison Decl. ¶ 17. Accordingly, the Court concludes that plaintiff is not entitled to in camera review of such records.

The Court finds and the plaintiff does not dispute that the IRS has provided a detailed Vaughn index that explains why each document falls within Exemption 3. Plaintiff fails to present any evidence disputing the applicability of Exemption 3 to the relevant documents. Therefore, the Court finds that as a matter of law the IRS has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

demonstrated that that any information not disclosed to the plaintiff under Exemption 3 was properly withheld.

### 2. Exemption 5

Exemption 5 permits agencies to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5). Exemption 5 thus protects from disclosure records subject to the attorney-client privilege; the attorney work-product privilege, and the deliberative process privilege. Maricopa Audubon Soc. v. U.S. Forest Serv., 108 F.3d 1089, 1092 (9th Cir. 1997).

The IRS has withheld one record under the deliberative process privilege: a memorandum from a Revenue Officer to an Appeals Officer providing the Revenue Officer's proposed rebuttal to a protest filed by plaintiff in connection with the investigation into his potential trust fund recovery penalty liability (the "Memorandum"). MSJ at 10–11; Harrison Decl. ¶¶ 19–23. The Memorandum was sent to the Appeals Officer for consideration in making a final determination with respect to plaintiff's pending claim for an adjustment of his tax liability. MSJ at 11; Harrison Decl. ¶¶ 19–23.

To qualify for protection under the deliberative process privilege, a document must be both: (1) "predecisional" and (2) "deliberative." Nat'l Wildlife Fed'n v. United States Forest Serv., 861 F.2d 1114, 1117 (9th Cir. 1988).

> A "predecisional" document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is a part of the "deliberative process" if the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.

Assembly of State of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992) (citations and quotation marks omitted). "The purpose of the deliberative process privilege 'is to prevent injury to the quality of agency decisions' by ensuring that the 'frank discussion of legal or policy matters' in writing, within the agency, is not inhibited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | | |

by public disclosure." Maricopa Audubon Soc., 108 F.3d at 1092 (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150–51 (1975).

Plaintiff does not dispute that the Memorandum is predecisional or deliberative, nor does he offer any argument regarding the Memorandum in his opposition. The Court concludes that a rational trier of fact could only conclude that the Memorandum was predecisional and deliberative. Furthermore, the Court finds that the IRS has provided a detailed Vaughn index that adequately explains why the memorandum is entitled to the protection of Exemption 5. Therefore, the Court concludes that, as a matter of law, the IRS has demonstrated that the Memorandum was properly withheld under Exemption 5.[2]

### 3. Exemption 6

FOIA Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "The Supreme Court has adopted a broad view of Exemption 6, stating: "we do not think that Congress meant to limit Exemption 6 to a narrow class of files containing only a discrete kind of personal information. Rather, [t]he exemption [was] intended to cover detailed Government records on an individual which can be identified as applying to that individual." U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982).

To determine whether disclosing the information would constitute a clearly unwarranted invasion of personal privacy, "we must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure." Prudential Locations LLC v. U.S. Dep't of Hous. & Urban Dev., 739 F.3d 424, 430 (9th Cir. 2013) (per curiam) (quotation marks omitted), abrogated on other grounds by ALDF, 836 F.3d 987. This balancing test involves two steps. At the first step, the agency must prove that there is more than a de minimis personal privacy interest. Id.; Yonemoto, 686 F.3d 681, 694 (9th Cir. 2012). "If the

---

[2] The IRS also withheld the Memorandum under Exemption 7(A) because the record was "compiled for law enforcement purposes" and the production of the record "could reasonably be expected to interfere with enforcement proceedings[.]" 5 U.S.C. 552(b)(&)(C); see MSJ at 15. Because the Court has concluded that the Memorandum may properly be withheld under Exemption 5, the Court does not address whether Exemption 7(C) also applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

privacy interest is more than de minimis, the court goes on to the second step, where it balances that privacy interest with the public interest in disclosure. But if the agency does not establish that disclosing the information would invade a non-trivial privacy interest, then 'FOIA demands disclosure, without regard to any showing of public interest.'" Torres Consulting, 666 F. App'x at 645 (quoting Yonemoto, 686 F.3d at 694).

The IRS withheld seven pages of records full and seven pages in part that contain names, addresses, Social Security numbers, and employment information of individuals involved in the civil investigation into unpaid employment taxes underlying the trust fund recovery penalties assessed against plaintiff. MSJ at 12; SGI at 37; Harrison Decl. ¶ 24. Plaintiff does not dispute that such records contain information that can be "identified as applying to a particular individual." See Washington Post Co., 456 U.S. at 602. In fact, plaintiff does not address at all the IRS's withholding of records under Exemption 6.

The Court first concludes that there is more than a de minimis personal privacy interest at stake. The Ninth Circuit has held that government employees involved in an investigation have "a cognizable privacy interest under Exemption 6 in preventing the disclosure of their names in connection with the incident and the official investigation." Lahr, 569 F.3d at 976 (9th Cir. 2009). Disclosure of the identifying information of individuals involved in investigations has the "potential for unwanted contact by third parties, including the plaintiff, media entities, and commercial solicitors . . . . The case law establishes that protection from such unwanted contact facilitated by disclosure of a connection to government operations and investigations is a cognizable privacy interest under Exemptions 6 and 7(C)." Id. at 975–76 (citation omitted). Plaintiff does not assert that there is any public interest in the disclosure of the records withheld under Exemption 6. The Court therefore concludes the IRS has established that the documents withheld under Exemption 6 contain information about particular individuals and its release would constitute an unwarranted invasion of their personal privacy. Plaintiff has not pointed to any facts that controvert the IRS's showing or raise a triable issue regarding the public interest value of these documents.

    **4. Exemption 7(C)**

Exemption 7(C) permits agencies to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. 552(b)(7)(C). Exemption 7(C) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

Exemption 6 both "require balancing the public interest with 'personal privacy,'" however, "[i]f a nontrivial privacy interest is at stake, . . . Exemption 7(C) requires a somewhat higher showing of public interest to overcome it than does Exemption 6." Yonemoto, 686 F.3d at 693 n.7 (9th Cir. 2012).

Pursuant to Exemption 7(C), the IRS has withheld seven pages of records in full and six pages in part because the documents contain the names, addresses, and employment information of third parties that were interviewed or otherwise involved with the ongoing investigation and collections action against plaintiff. MSJ at 14; SGI at no. 27; Harrison ¶ 26. In addition, the IRS withheld one page in part because it contains information regarding the leave status of an IRS employee. MSJ at 14; SGI at no. 28; Harrison ¶ 26. Plaintiff does not dispute that such records were compiled for law enforcement purposes or that disclosure of such records could reasonably be expected to constitute an unwarranted invasion of personal privacy. In fact, plaintiff does not address at all the IRS's withholding of records under Exemption 7(C).

For the reasons set forth in relation to Exemption 6, the Court concludes that there are non-trivial personal privacy interests at stake in the records withheld under Exemption 7(C). Once an agency has identified a cognizable privacy interest, Exemption 7(C) requires the FOIA requester "to establish a sufficient reason for the disclosure. First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted." Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 172 (2004). Plaintiff fails to satisfy his burden as he does not assert that there is any public interest in the disclosure of the records withheld under Exemption 7.

The Court therefore concludes the IRS has established that the documents withheld under Exemption 7 contain information about particular individuals and its release could reasonably be expected to constitute an unwarranted invasion of their personal privacy. Plaintiff has not pointed to any facts that controvert the IRS's showing or raise a triable issue regarding the public interest value of these documents.

### C. Summary

The Court has concluded that, as a matter of law, the IRS has conducted an adequate search under FOIA and that the records not disclosed to plaintiff are protected from disclosure by at least one of the enumerated FOIA exemptions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**     **JS-6**

| Case No. | 2:16-cv-02855-CAS(AGRx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | MIKE IRELAND v. INTERNAL REVENUE SERVICE | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the IRS's motion for summary judgment with respect to Items 1, 2, 3, and 4 of plaintiff's FOIA request.

IT IS SO ORDERED.

                                                                              00 : 15

Initials of Preparer      CMJ